IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHAD D. CARRINGTON | : | |
| Plaintiff | : | |
| v | : | Civil Action No. WDQ-07-1159 |
| BOBBY P. SHEARIN and DEANE CROWE | : | |
| | : | |
| Defendants | | |

o0o
**<u>MEMORANDUM</u>**

Pending in the above-captioned civil rights action is Defendants' Motion to Dismiss or for Summary Judgment. Paper No. 34. Also pending is Plaintiff's Motion for Summary Judgment. Paper No. 30. In addition, Plaintiff has filed a Response in Opposition to Defendants' motion. Paper No. 38. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, Defendants' motion, construed as a motion for summary judgment, shall be granted.

**Background**

Plaintiff alleges he was a member of the prison gang known as the Bloods in 2004. Paper No. 1. As a member of that gang, he claims he was ordered to stab another inmate. *Id*. Plaintiff refused to carry out the assault and, as a result, he alleges a contract was put on his life by the gang. *Id*. Plaintiff states he was eventually transferred to Western Correctional Institution (WCI) and assigned to share a cell with an inmate named Kevin Johnson. *Id*. at p. 2. He alleges on April 20, 2007, a day after the cell was searched by officers, he found a letter written to the warden by Johnson stating that he was offered $500 and 3 grams of heroin to carry out the contract on Plaintiff's life. *Id*. Based on this information, Plaintiff refused to allow Johnson to come back into

the cell and refused to be handcuffed. As a result, he received a notice of infraction for refusing a housing assignment. *Id*. at Ex. 1, p. 2. Although he was temporarily removed from the cell with Johnson, he was returned to the cell the next day. Paper No. 1 at p. 2. He states he was physically forced back into the cell. Plaintiff claims he wrote to the warden explaining the letter he found and stating he believed his life was in danger. Plaintiff states that at the time the complaint was filed, May 3, 2007, he was still sharing a cell with Johnson. *Id*.

Defendants were required to show cause why Plaintiff's request for injunctive relief should not be granted. Paper No. 2. In their response they assert that Plaintiff's continued claims of being endangered could never be substantiated. Paper No. 12 at Ex. 1. They state he was placed on administrative segregation on May 19, 2006, after making claims that he was in fear for his safety. *Id*. As a part of the investigation into Plaintiff's claims, known gang members were interviewed, including the two inmates Plaintiff claimed threatened him. *Id*. at Ex. 1, p. 12. In addition it was noted that at the four previous prisons where Plaintiff was housed he claimed to be in fear for his safety for different reasons, yet had never been assaulted. *Id*. No threats voiced by Plaintiff could ever be substantiated. Plaintiff showed the investigating officer, Lieutenant Malloy, notes he had received from other inmates, but the content of the notes was not considered threatening by that officer. *Id*. After interviewing Plaintiff, and in light of all the other evidence in the case, Lt. Malloy concluded that Plaintiff is simply afraid to be in general population because of his own inner fears. *Id*. Based on the lack of evidence, Plaintiff's request for an interstate transfer was denied.

Plaintiff claims the reason for his stated fear has never changed and claims the multiple transfers between institutions establish that his life was in danger. Paper No. 14. He claims the two inmates he named as enemies, Darnell Faison and Cheneir Ferebee, were transferred from Maryland

Correctional Institution in Hagerstown (MCIH) to WCI on the same day he was, they were assigned to the same housing unit at MCIH, and lied when they told Lt. Malloy they did not know him. *Id*. Plaintiff then filed a Motion for the Granting of Immediate Injunctive Relief. Paper No. 18. He claimed on July 6, 2007, he awoke to overhear his cell mate being told by another inmate that a knife would be provided to him in his laundry bag to be used to stab Plaintiff. *Id*. He states that later on when Johnson got his laundry bag he banged on the wall, signifying to others that he had received the knife. *Id*. Plaintiff left the cell later to take a shower and informed the officer that his cell mate had a knife and there was a contract on his life. *Id*. The officer did not believe Plaintiff and told him he would have to go back to the cell. In response, Plaintiff cut his wrist with a razor several times and as a result was taken for medical treatment. While receiving medical treatment, Plaintiff claims he repeated his allegations to several officers, the cell was searched and the knife was found. He states he was placed in a strip cell for five days, then refused to be housed in a cell with another inmate because that inmate was a known gang member. Plaintiff was placed in another strip cell for seven days and subsequently forced into a cell with another inmate. Plaintiff claimed he was unsure whether the new cell mate was a gang member.

Defendants admit that on July 6, 2007, Johnson was found to be in possession of a weapon. Paper No. 23. Despite the weapon found, they claim that Johnson never posed a threat to Plaintiff and in any event the two are no longer assigned to the same cell. Thus, there is no threat present for Plaintiff. *Id*. Defendants note that when Plaintiff injured himself, he was put in Special Observation Housing. They claim Plaintiff has a long history of suicide attempts for manipulation purposes. *Id*. A review of documents submitted by Defendants reveal Plaintiff received a notice of infraction for refusing housing on August 16, 2007, and he did not give a reason for refusing to return to his cell.

3

Paper No. 34 at Ex. 1, p. 16. On August 23, 2007, Plaintiff was involved in a fight with his cell mate Dondre Jackson. *Id*. at p. 9. Both men were ordered to cease their assault and when neither complied, pepper spray was administered. *Id*. Mr. Jackson was the first to comply with being handcuffed. According to the report Plaintiff continued an assault on Jackson after Jackson was restrained. *Id*. Plaintiff claims he was acting in self defense, but received 300 days of disciplinary segregation as a result of the altercation. *Id*.

### Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia*

*Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). The court has an obligation to ensure that factually unsupported claims and defenses do not go to trial. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U. S. 317, 323-24 (1986)).

**Analysis**

Plaintiff must establish that Defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer v. Brennan*, 511 U.S. 825, 833– 34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must

5

also draw the inference." *Id* at 837; *see also Rich v. Bruce*, 129 F. 3d 336, 339–40 (4th Cir. 1997).

The undisputed facts show that Plaintiff was not assaulted by another inmate as a result of the alleged contract on his life. The only assault in evidence appears to have been a mutual fist fight between Plaintiff and his cell mate, Mr. Jackson.[1] Plaintiff has received many notices of infraction for refusing housing assignments and has resorted to self-injurious behavior as a means to force correctional officials into giving him a different housing assignment. Plaintiff reported to correctional officers that cell mate Johnson had a knife in the cell and, upon searching the cell, a knife was found. The only evidence that Johnson was planning to use the knife to stab Plaintiff is Plaintiff's accusation. The two men shared a cell without incident for several months. While Plaintiff maintains the atmosphere between the two men was tense, there is no evidence that Defendants were aware of the tension and that the tension translated to an imminent threat of harm to Plaintiff.

Plaintiff's repeated allegation that there is a contract on his life has been investigated by correctional officials on several occasions, who found no evidence to support the allegation. Despite that fact, Defendants placed Plaintiff on administrative segregation pending investigation when he alleged two inmates at the same institution presented a threat of harm to him. The refusal to provide Plaintiff with a single cell or to transfer him out of state is the conduct alleged to constitute deliberate indifference to Plaintiff's safety. To the extent that those decisions may not be wise, they do not constitute deliberate indifference. *See Rich*, 129 F. 3d at 338 ("the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and

---

[1] Mr. Jackson is not the inmate whom Plaintiff alleged was offered money and drugs to carry out the contract on his life. As noted above, as a result of the altercation with Mr. Jackson, Plaintiff received a sentence of 300 days on disciplinary segregation.

he must also draw the inference."). The absence of substantiation of Plaintiff's claim has not resulted from deliberate ignorance; efforts were made to investigate his claims, to no avail. In short, Defendants have not exhibited the sort of callous disregard for Plaintiff's safety that is prohibited by the Eighth Amendment. They are, therefore, entitled to summary judgment in their favor. A separate order follows.


<u>December 18, 2007</u>                                              <u>         /s/                        </u>
Date                                                                    William D. Quarles, Jr.
                                                                        United States District Judge